Mathew K. Higbee
**HIGBEE & ASSOCIATES**
1504 Brookhollow Drive, Suite #112
Santa Ana, CA 92782
Telephone: (714) 617-8336
mhigbee@higbee.law

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| JOHN NASCHINSKI,<br><br>    Plaintiff,<br><br>v.<br><br>YO CORP, and DOES 1 through 10 inclusive,<br><br>    Defendants. | Case No. 2:23-cv-17<br><br>**AMENDED COMPLAINT** |

Pursuant to Federal Rules of Civil Procedure 15(a)(1)(b), Plaintiff John Naschinski alleges as follows:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the state of Texas, Defendant's acts of infringement were directed towards the state of Texas, Defendant caused injury to Plaintiff within the state of Texas, and Defendant has a physical presence in the state of Texas.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

/ / /

/ / /

## PARTIES

5. Plaintiff John Naschinski ("Naschinski") is an individual and professional photographer.

6. Defendant Yo Corp ("Yo Corp") is a Texas business with a business address of 10601 Clarence Drive, Suite 250, Frisco, TX 75033.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## FACTUAL ALLEGATIONS

8. Plaintiff John Naschinski is a highly successful freelance photographer with well over three decades of experience with innovative award-winning web design, graphic and print design, multimedia design and photography.

9. Naschinski editorial and advertising work has graced the pages of *Vogue American, Vogue South American, ELLE, Harper's Bazaar, Mademoiselle, GQ, Shape, DNR Magazine, Interview, LA Style Magazine, Teen Magazine, Colorado Life Magazine,* and the *Los Angeles Times*.

10. Naschinski partial list of past clients include Warner Brothers Records, The United Nations, The U.S. Olympics, CBS, NBC News, Knight Transportation, Max Factor, Cartier, Nike, GTE, The Gap, Guess, Dayton/Marshall Fields, Lina Lee of Beverly Hills, May Company, Neutrogena, Redken, Sebastian, Clinique, Proctor & Gamble, Ralph Lauren, Banana Republic, Matsuda and Adrienne Vittadini.

11. Naschinski is the sole author and exclusive rights holder to one photograph of the exterior of the Broadmoor Hotel (the "Broadmoor Photograph").

12. Attached hereto as Exhibit A is a true and correct copy of the Broadmoor Photograph.

13. Naschinski registered the Broadmoor Photograph with the United States Copyright Office under registration number VAu 1-223-727 with an effective date of registration of July 7, 2015.

14. Defendant Yo Corp. is the owner and operator of the website www.yoair.com/blog ("Website").

15. The Website features content related to anthropology, travel, art, history, and current events.

16. Naschinski is informed and believes that Defendant Yo Corp. has the right and ability to supervise and control all content that is posted to the Website.

17. Naschinski is informed and believes that Defendant Yo Corp. monetizes the editorial content on its Website through banner advertisements.

18. On or about July 30, 2022, an article titled "Travel Guide: An Overview of Colorado Springs, Colorado" and containing an unauthorized copy of the Broadmoor Photograph ("Infringing Article") was uploaded to the Website.

19. Attached hereto as Exhibit B is a true and correct screenshot of the Infringing Article.

20. The Broadmoor Photograph as it appeared in the Infringing Article contained a watermark In the bottom right corner with the text "©John Naschinski Photography."

21. Attached hereto as Exhibit C is a true and correct screenshot showing the Broadmoor Photograph as it appeared with the watermark in the Infringing Article on the Website.

22. Naschinski never authorized Yo Corp. to use his Broadmoor Photograph on the Website or in any manner.

/ / /

/ / /

/ / /

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq*

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Broadmoor Photograph.

25. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Broadmoor Photograph in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Broadmoor Photograph without Plaintiff's consent or authority, by using it in an infringing post on Defendant's website and or social media.

26. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages as provided by 17 U.S.C. § 504(c).

27. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

28. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Broadmoor Photograph by copying, displaying, and distributing it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award of statutory damages as provided by 17 U.S.C. § 504(c) against Defendant, whichever is larger;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;
- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;
- For pre judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: April 13, 2023                                    Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Bar No. 24076924
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8358
(714) 597-6559 facsimile
mhigbee@higbeeassociates.com
*Attorney for Plaintiff*