IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOHN NASCHINSKI, | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:23-CV-00017-JRG |
| YO CORP, AND DOES 1 THROUGH 10 INCLUSIVE, | § § § § | |
| *Defendants*. | | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Yo Corp.'s ("Defendant") Re-Urged Motion to Dismiss (Dkt. No.13) ("Motion"). Having considered the Motion, the subsequent briefing, and for the reasons set forth herein, the Court finds that the Motion should be **DENIED**.

**I.     BACKGROUND**

On January 13, 2023, Plaintiff John Naschinski ("Plaintiff") filed the above captioned case against Defendant and against DOES 1 through 10 inclusive (the "Original Complaint"). (Dkt. No. 1). Plaintiff's Original Complaint alleges copyright infringement by Defendant. (*Id.*). On April 13, 2023, Plaintiff filed an amended complaint (the "Amended Complaint"). (Dkt. No. 10). Therein, Plaintiff maintains that he is the sole author and exclusive rights holder to a photograph of the exterior of the Broadmoor Hotel (the "Photograph"). (*Id*. at ¶ 11). The Photograph is registered with the United States Copyright Office under registration number VAu 1-223-727 with an effective date of registration of July 7, 2015 and contains a "©John Naschinski Photography" watermark in the bottom right corner. (*Id*. at ¶¶ 13, 20). Plaintiff contends Defendant owns and operates the website www.yoair.com/blog ("Website") and has the right and ability to supervise and control all content that is posted to the Website. (*Id*. at ¶¶ 14, 16). Plaintiff alleges Defendant

monetizes the editorial content on its Website through banner advertisements. (*Id*. at ¶ 17). On or about July 30, 2022, an article titled "Travel Guide: An Overview of Colorado Springs, Colorado" ("Article") was uploaded to the Website. (*Id*. at ¶ 18). The Article included a copy of the Photograph. (*Id*.). Plaintiff alleges that "Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph without Plaintiff's consent or authority, by using it in an infringing post on Defendant's [W]ebsite or social media." (*Id*. at ¶ 25).

## II.     LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Court can dismiss a complaint that fails to meet this standard. Fed. R. Civ. P. 12(b)(6). To survive dismissal at the pleading stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court accepts well-pleaded facts as true, and views all facts in the light most favorable to the plaintiff, but is not required to accept the plaintiff's legal conclusions as true. *Id.* The Court must limit its review "to the contents of the pleadings." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Twombly,* 550 U.S. at 555.

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "The court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

### III.   DISCUSSION

Defendant argues that Plaintiff's Amended Complaint should be dismissed because Defendant is not the owner of the Website, Defendant did not engage in volitional conduct, and Defendant is immune from liability under the Digital Millennium Copyright Act ("DMCA") (Dkt. No. 13). The Court addresses each argument in turn.

#### A.   Ownership

Defendant first contends the Amended Complaint should be dismissed because Defendant is "merely a holding company that does not have any operational control over the website." (Dkt. No. 13 at 5). Further, Defendant contends the exhibits attached to the Amended Complaint reflect that third-party Rupashi Chhabra is the publisher of the article with the Photograph, not Defendant. (*Id.*). Plaintiff responds that it sufficiently alleged Defendant's ownership of the Website when it alleged: "Defendant Yo Corp. is the owner and operator of the website www.yoair.com.blog." (Dkt. No. 14 at 4; Dkt. No. 10 at 3). In response to Defendant's assertion that it is not the real owner of the Website, Plaintiff cites the Terms of Use found on the Website. (Dkt. No. 14 at 4; Dkt. No. 13-1). The Terms of Use state, in pertinent part, that the "Yoair Blog User Agreement…applies to your access to and use of the websites…provided by Yo Corp." (*Id.*).

3

Indulging all reasonable inferences in favor of the Plaintiff, the Court finds that the Plaintiff has alleged facts regarding Defendant's ownership and control of the Website that plausibly give rise to the requested relief.

### B. Volitional Conduct

Defendant next contends Plaintiff failed to plead that Defendant engaged in volitional conduct—a requirement of direct infringement. (Dkt. No. 13 at 5). Defendant contends that it would not have been possible for it to engage in such conduct as Defendant does not post, edit, or influence the content on the Website, which is merely an online forum for third-party postings. (*Id*. at 6). In response to Plaintiff's assertion that he is only alleging vicarious infringement, Defendant responds that the Amended Complaint only provides fair notice for a claim of direct copyright infringement, not vicarious infringement: "Defendant willfully infringed upon…[Plaintiff's photograph]…by using it in an infringing post on Defendant's website and or social media." (Dkt. No. 10 at p.4; Dkt. No. 16 at 1,2). Further, Defendant argues that even if Plaintiff had sufficiently plead vicarious infringement, which Defendant disputes, Plaintiff's allegations fail for three reasons. (Dkt. No. 16 at 2). First, Defendant contends Plaintiff failed to allege the required direct infringement of a third party. (*Id*.). *Leonard v. Stemtech International Inc.*, 834 F.3d. 376, 386 (3d Cir. 2016). Second, Defendant contends the Amended Complaint failed to demonstrate how Defendant had the right and ability to control the infringing conduct. (*Id*. at 4). *See Playboy Enterprises, Inc. v. Webbworld, Inc*., 968 F.Supp. 1171, 1177 (N.D. Tex. 1997). Finally, Defendant argues the Amended Complaint fails to adequately allege a financial interest in the infringing activity. (*Id*. at 5, 6). *Playboy*, 968 F.Supp. at 1177 (it is also a requirement of a vicarious infringement claim that a defendant has a "direct financial interest in the infringing activity.").

Plaintiff contends that the volitional conduct requirement does not apply in this case because Plaintiff has alleged facts consistent with a theory of vicarious liability. (Dkt. No. 14 at 5, 6). A defendant is vicariously liable for copyright infringement when it has a financial interest in the infringing activity and has the right and ability to supervise the activity which causes the infringement. *Playboy*, 968 F.Supp. at 1176, 1177. Paragraph 16 of the Amended Complaint addresses Defendants' control over the Website: "Defendant Yo Corp. has the right and ability to supervise and control all content that is posted to the Website." (Dkt. No. 10 at ¶ 16). Plaintiff also cites the provision of the Terms of Use found on the Website address contained in Paragraph 14 of the Amended Complaint: "we may, in our sole discretion, delete or remove Your Content at any time and for any reason, including for violating these Terms, violating our Content Policy, or if you otherwise create or are likely to create liability for us." (Dkt. No. 13-1). The Terms of Use define "we" as the Defendant, Yo Corp. (*Id.*). With respect to the financial interest prong, Plaintiff alleged that Defendant "monetizes the editorial content on its Website through banner advertisements." (Dkt. No. 10 at ¶ 17). Further, the Article containing the allegedly infringing Photograph, which is attached to the Amended Complaint, displays advertisements alongside the Photograph. (Dkt No. 10-1).

To state a claim for vicarious copyright infringement, in addition to stating a claim for direct infringement by a third party, a plaintiff must demonstrate that "the defendant (1) had a direct financial interest in the infringing activity and (2) had the right and ability to supervise the infringing [third] party's acts which caused the infringement. Knowledge of the infringing activity is not required." *Stross v. PR Advisors, LLC*, 2019 WL 5697225, at *2 (N.D. Tex. Oct. 31, 2019). "[T]he inquiry on a Rule 12(b)(6) motion to dismiss is whether the plaintiff has pleaded, not proven, these necessary elements." *Bridgmon v. Array Systems Corporation*, 325 F.3d 572, 576

(5th Cir. 2003). The Court is persuaded that Plaintiff has alleged sufficient facts to support a plausible claim of vicarious copyright infringement at this stage. *See Stross*, 2019 WL 5697225, at *2 (holding that plaintiff alleged sufficient facts at Rule 12(b)(6) stage to support vicarious infringement claim where plaintiff alleged defendant had a direct financial interest in use of infringing photo on website and supervision over website); *Suncoast Post-Tension, Ltd. v. Scoppa*, 2014 WL 12596472, at *5 (S.D. Tex. July 17, 2014) (finding that plaintiff alleged sufficient facts to support vicarious infringement claim against corporate officer who benefited from and directed infringement). Although Plaintiff has yet to identify the name and location of the specific direct infringer(s), the Court is persuaded that the Plaintiff has met its burden to state sufficient facts to state a claim for vicarious copyright infringement.

    C.    **DCMA Safe Harbor**

Finally, Defendant asserts the Amended Complaint fails to state a claim for copyright infringement because the DCMA's safe harbor shields Defendant from copyright infringement. (Dkt. No. 9 at 5-8; Dkt. No. 13 at 7, 8). Defendant contends that it substantially complied with the requirements of the DMCA and, therefore, is "shielded from liability." (Dkt. No. 16 at 7-9). Plaintiff responds that Defendant is not protected by the DMCA safe harbor because Defendant failed to comply with a requirement of the DMCA. (Dkt. No. 14 at 9). Specifically, Section 512(c)(2) of the DMCA states that DMCA's safe harbor's limitations on liability apply only to a service provider who has designated an agent "to receive notifications of claim infringement" and has provided contact information for said agent to the Copyright Office. 17 U.S.C. § 512(c)(2). It is undisputed that Defendant provided its agent information to the Copyright Office on August 4, 2022, after the alleged infringement occurred on July 30, 2022. (Dkt. No. 14 at 9). According to Plaintiff, Defendant's failure to provide its agent's contact information to the Copyright Office

prior to the alleged infringement precludes Defendant from relying on the safe harbor provisions. (Dkt. No. 14 at 10, 11). Finally, Plaintiff argues that even if Defendant complied with the requirements of the DMCA, the Amended Complaint sufficiently alleges facts which overcome the safe harbor provision. (*Id.* at 11). Specifically, Plaintiff contends the watermark on the Photograph should have made Defendant aware of facts or circumstances from which infringing activity is apparent. (*Id.*). Plaintiff argues that this knowledge, also known as "red flag" knowledge, precludes Defendant's reliance on the DMCA's safe harbor provisions. (*Id.*).

Given that the § 512(c) safe harbor is an affirmative defense, Defendant must show that "the facts alleged in [the operative] pleadings make clear that a claim is barred." *Whiddon v. Chase Home Fin., LLC*, 666 F. Supp. 2d 681, 686 (E.D. Tex. 2009). It is the asserting party's burden to plead and prove the affirmative defense. *Id.* In the Court's view, Defendant's Motion has not met this burden. For example, whether or not Defendant is barred the DMCA's safe harbor protection (because it had red-flag knowledge) is an resolved question of fact. *EMI Christian Music Grp., Inc. v. MP3tunes, LLC*, 844 F.3d 79, 88 (2d Cir. 2016). Accordingly, such determination is not appropriate for the Court to make at this stage of the litigation and based on the record before it. However, this denial does not foreclose such affirmative defense and Defendant may attempt to establish its eligibility for the § 512(c) safe harbor when it presents admissible evidence in support of such defense.

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motion is **DENIED.**

**So Ordered this**

**Aug 17, 2023**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

8